# SUPREME COURT.

## THE BOWERY NATIONAL BANK agt. ABRAM DURYEA.

*Order of arrest — Construction of section* 558.

Facts upon which an order of arrest is based, which are extrinsic to the cause of action, need not be set forth in the complaint (*Reversing S. C.,* 54 *How.*, 450).

*General Term, First Department, March,* 1878.

THIS is an appeal by the plaintiff from an order of the special term vacating an order of arrest. The order of arrest was issued against the defendant for having been guilty of fraud in contracting his liability, for which the action was brought. The court vacated the order solely on the ground that the extrinsic facts alleged in the affidavits, upon which the order of arrest was granted, was not alleged in the plaintiff's complaint (*See* 54 *How.*, 450).

*A. R. Dyett* and *Abram Kling,* for appellant.

*W. M. Ivins,* for respondent.

INGALLS, *J.* — The special term decided this motion upon the ground that the complaint did not contain a cause of action which justified an arrest, and therefore, by section 558 of the Code of Civil Procedure, the defendant was entitled to have the order of arrest vacated without regard to the facts contained in the affidavits.

Although much impressed by the cogent reasoning of the learned justice who decided this motion at special term, a

careful examination of the question has led me to a different conclusion, the reasons for which are contained in an opinion in the case of *William Sloan et al.* agt. *Edward Livermore*, which was argued at the same term of this court and involved the same question (*See ante, p.* 85). .

We deem it unnecessary to repeat the reasoning in this case and refer to the opinion in the case above mentioned.

The order of the special term must be reversed, but without costs of this appeal as the question is new.

Davis, P. J., and Brady, J., concurred.

Note.— We understand that an appeal has been taken in the above cause to the court of appeals, where the question as to the true construction of section 558 will be finally settled. Should this court concur in the views expressed in the two foregoing opinions of the general term we think the section should be stricken from the statute book as *meaningless.* [Ed.